UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAMON JERMAINE SAPP,

    Plaintiff,

    v.

COUNTY OF ALAMEDA, et al.,

    Defendants.

_____/

No. C 03-1066 PJH

**ORDER GRANTING SUMMARY ADJUDICATION**

Defendant's motion for summary adjudication came on for hearing before this court on July 26, 2006. Plaintiff, Ramon Jermaine Sapp ("plaintiff"), appeared through his counsel, Trudy Martin. Defendant, Alameda County Medical Center dba Highland Hospital ("defendant"), appeared through its counsel, Martin Everson. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendant's motion, for the reasons stated at the hearing, and summarized as follows.

Preliminarily, plaintiff has improperly submitted a separate statement of disputed material facts in opposition to defendants' motion. Civil L.R. 56-2 explicitly states that no separate statement of undisputed facts or joint statement of undisputed facts shall be submitted without a court order. Plaintiff's separate statement, despite being labeled a statement of "disputed" material facts, falls within the ambit of the local rule, and is prohibited, since no prior leave of court was sought. Accordingly, it is hereby stricken.[1]

---

[1] Moreover, the court notes that the statement itself is disorganized and unworkable. Plaintiff fails to identify specific facts by number, instead listing them in unenumerated fashion with confusing captions. In short, it is impossible for the court to ascertain from reading the statement either the source or location of any evidentiary facts that plaintiff relies upon.

With respect to the merits of the parties' arguments, summary adjudication of plaintiff's civil rights claim under 42 U.S.C. § 1983 is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that [defendant] is entitled to judgment as a matter of law." FRCP 56(c). Material facts are those which may affect the outcome of the case, and a dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Where, as here, the moving party has pointed out an absence of evidence to support's the opposing party's claims, the opposing party "must present affirmative evidence in order to defeat [the motion]." See id. at 257.

Here, plaintiff utterly fails to meet his burden to come forward with affirmative evidence in support of his claim. His opposition brief, while containing sweeping factual statements that purportedly prove the presence of disputed material facts, provides almost no citations to supporting factual evidence. On the few occasions that plaintiff does include citations, plaintiff either cites to the separate statement – the impropriety of which is discussed above – or to *defendant's* supporting affidavits, without proper pincites, and for corroboration of facts that are not, in fact, material to plaintiff's claims. Accordingly, plaintiff fails to even suggest the presence of a materially disputed fact, let alone meet his burden to establish one.

In view of the above, the court hereby GRANTS defendant's motion for summary adjudication of plaintiff's second cause of action for violation of civil rights under 42 U.S.C. § 1983, as to defendant Highland Hospital.

**IT IS SO ORDERED.**

Dated: August 15, 2006

_____
PHYLLIS J. HAMILTON
United States District Judge